UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK Z. O'BRIEN,

       Plaintiff,

v.

CHASE BANK N.A.; and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.

       Defendants.

Case No. 12-10019
Honorable Julian Abele Cook, Jr.

## ORDER

The Defendants, Chase Bank N.A. ("Chase Bank") and the Mortgage Electronic Registration Systems ("MERS"), have been accused by the Plaintiff, Patrick Z. O'Brien, of committing certain irregularities, all of which pertain to their placement of a mortgage on his home in Harrison Township, Michigan. These allegations have been denied by the Defendants, both of whom have now filed a motion to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6).

I.

On December 5, 2006, O'Brien obtained two loans in the amounts of $420,000 and $35,000, respectively, from the Homecomings Financial Network ("Homecomings"), both of which had been secured with a note and mortgage. On June 1, 2007, Homecomings transferred its contractual interest in these two loans to the Washington Mutual Bank ("Washington Bank") for future servicing. This servicing contract was subsequently assigned to the Chase Bank on October 6, 2011. However, it appears from the pleadings herein that O'Brien failed to fulfill his contractual obligations to the Chase Bank which caused it to initiate foreclosure proceedings in an effort to

protect its interests in the Harrison Township property. This lawsuit, seeking to quiet title to the property, followed.

O'Brien's effort was met with a challenge by the Defendants who, in turn, seek to obtain a dismissal of his motion, contending that he has failed to set forth a cognizable claim for which relief can be granted. under the Rule 12(b)(6) of the Federal Rules of Procedure.

II.

When considering a motion to dismiss under this Rule, a court must accept the plaintiff's well-pleaded allegations as being correct, and construe the facts therein in a light that is most favorable to the plaintiff. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, the Supreme Court has asserted that this assumption of factual accuracy does not extend to the plaintiff's legal conclusions; in that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive the dismissal of a cause of action, the complainant must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949.

III.

In pointing to the Defendants' alleged misdeeds, O'Brien insists that he "never received transfer notice of the assignment from MERS to [the Washington Bank] . . . as required by 12

[U.S.C.] 2605, 24 CFR 3500.21." First Amended Complaint, ¶ 17. However, the statute and regulation which have been cited by O'Brien do not give him any entitlement to the relief that he seeks to obtain. 12 U.S.C. § 2605 regulates the notification of a transfer of servicing rights - but it does not pertain to the transfer of interests in the underlying obligation. *See* 12. U.S.C. § 2605(b)(2)(A) ("the notice required . . .shall be made to the borrower not less than 15 days before the effective date of the transfer of the servicing of the mortgage loan." As alleged in O'Brien's complaint, Chase has been the servicer of the mortgage at all relevant times. There was no transfer of servicing rights, and no violation of 12 U.S.C. § 2605. Hence, there is no evidence that the provisions of 12 U.S.C. § 2605 have been violated.

O'Brien also submits that the Defendants have breached the terms of an alleged "pooling and servicing agreement" which govern the parties' transfer of mortgages. Notwithstanding his accusation, he has failed to provide this Court with any written agreement to which the Plaintiff or the Defendants are parties. Attached to O'Brien's complaint is an announcement from the Securities and Exchange Commission's website that does not relate to the Chase Bank or the MERS.

O'Brien's complaint also advances his concern that the "[Defendants] do not hold the beneficial interest in the mortgage and loan. If true, the Plaintiff may be making redemption and/or loan modification payments to a party who are not entitled to receive payment and/or incapable of conveying good and clear title." However, it is agreed by the parties that the loan servicer is the Chase Bank. In summary, O'Brien has failed to set forth a valid claim for relief against either of the Defendants. Hence, the Defendants' motion to dismiss must be, and is, granted.

IT IS SO ORDERED.

Date:   March 8, 2013                                              s/Julian Abele Cook, Jr.
                                                                   JULIAN ABELE COOK, JR.
                                                                   U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 8, 2013.

                                                                   s/ Kay Doaks
                                                                   Case Manager