UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK Z. O'BRIEN,

        Plaintiff,

v.

        Case No. 12-10019
        Honorable Julian Abele Cook, Jr.

CHASE BANK, et al.

        Defendants.

ORDER

On December 12, 2011, the Plaintiff, Patrick Z. O'Brien, initiated this lawsuit in the Macomb County Circuit Court, seeking to (1) quiet title of a parcel of property in Harrison Township, and (2) obtain damages under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"). One of the Defendants, Chase Bank NA, subsequently removed the action to this federal court on the basis of its federal question jurisdiction, 28 U.S.C. § 1331. In its order of March 8, 2013, this Court granted the Defendants' motion to dismiss. Currently pending before the Court is the Plaintiff's motion requesting the Court to reconsider its order of March 8, 2013.

In its evaluation of any motion to reconsider, a court - acting pursuant to E.D. Mich. LR 7.1(h)(3) - must determine if the movant has established (1) a "palpable defect by which [it] and the parties and other persons entitled to be heard on the motion have been mislead;" and (2) that a correction of the alleged defect would alter the disposition of the case. E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is defined as a defect which is obvious, clear, unmistakable, manifest, or

plain." *Michigan Department of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D. Mich.2002) (internal citation omitted).

However, the Local Rules within this District dictate that motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The Sixth Circuit has held that the "palpable defect" standard for reconsideration in this Local Rule is consistent with the standard for amending or altering a judgment under Federal Rule of Civil Procedure 59(e). *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir.2006).

The facts as detailed in the prior Order have not been challenged and will be adopted here. The Plaintiff's motion to reconsider urges the Court to consider the reasoning adopted in *Talton v. BAC Home Loans Servicing LP*, No. 11-14512 (E.D. Mich. March 7, 2012). However, as noted in *Talton*, an entity holding legal title to a mortgage may foreclose the mortgage, without reference to transfers of the underlying debt obligation. *Talton*, at 15-16. *See also Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011). Plaintiff cannot contest that MERS validly assigned all of its interest in the subject Mortgage to Chase. Chase is indisputably the servicer of the Plaintiff's mortgage, and therefore may foreclose under Mich. Comp. Laws § 600.3204(1)(d).

The Court denies the Plaintiff's motion for reconsideration. (ECF 30).

IT IS SO ORDERED.

Date: August 21, 2013                               s/Julian Abele Cook, Jr.
                                                    JULIAN ABELE COOK, JR.
                                                    U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 21, 2013.

s/ Kay Doaks
Case Manager